UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JESSIE MASH,

                Plaintiff,

v.                                                         Case No.  5:05-cv-148-Oc-10GRJ

JO ANNE B. BARNHART,
Commissioner of Social Security,

                Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals to this Court from a final decision of the Commissioner of Social Security ("the Commissioner") denying his request for review regarding the calculation of his social security disability and retirement insurance benefits. The Commissioner has answered (Doc. 4), and both parties have filed briefs outlining their respective positions. (Docs. 13 & 16.) For the reasons discussed below, the Court finds that the Commissioner's decision is due to be **AFFIRMED**.

## I. PROCEDURAL HISTORY

The issue raised on appeal concerns whether the ALJ had sufficient information to determine that Plaintiff's social security disability and retirement benefits were subject to the Windfall Elimination Provision of the Social Security Act, discussed below. Plaintiff filed this appeal after the following series of events. On October 23, 1990, Plaintiff received a favorable opinion from an administrative law judge ("ALJ") who determined

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636 (2000) and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

that Plaintiff was disabled and entitled to recover disability insurance benefits beginning in August of 1988. (R. 9.) Plaintiff was also awarded retirement benefits beginning in February of 2001. (R. 55-57.) On May 4, 2001, Plaintiff filed a request for reconsideration with respect to his retirement benefits (R. 32), but on March 13, 2002, the agency informed Plaintiff that his retirement benefits had been correctly computed. (R. 92.) As a result, Plaintiff requested a hearing before an ALJ challenging the calculation of his social security benefits.

On March 14, 2003 ALJ Albert D. Tutera conducted a hearing. The ALJ issued an unfavorable decision on July 2, 2003 finding that Plaintiff's Social Security benefits had been calculated correctly. The ALJ determined that pursuant to the Windfall Elimination Provision, Plaintiff's Social Security benefits were to be offset by the accident disability retirement benefits Plaintiff received from the State of Massachusetts. (R. 130-133.) Plaintiff appealed the decision to the Appeals Council which remanded the case to the ALJ, instructing the ALJ to develop the record more fully. (R. 155-158.) A supplemental hearing was held, and on July 19, 2004, the ALJ, again, entered an unfavorable decision. (R. 9-12.) Plaintiff's request for review of that decision was denied by the Appeals Council on January 28, 2005, rendering this decision by the ALJ the final decision of the Commissioner. (R. 3-4.)

## II. <u>STANDARD OF REVIEW AND THE LAW</u>

### A. *<u>Standard of Review</u>*

The Commissioner's findings of fact are conclusive if supported by substantial evidence.[2] Substantial evidence is more than a scintilla, i.e., the evidence must do more

---

[2] *See* 42 U.S.C. § 405(g) (2000).

than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.[3]

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.[4] The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.[5]  However, the district court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law.[6]

**B.  *The Windfall Elimination Provision***

The Windfall Elimination Provision ("WEP") of the Social Security Act, 42 U.S.C. § 415(a)(7) applies when an individual has split his career between employment covered by the Social Security Act and noncovered employment, or employment through which the individual did not contribute to the federal Social Security system. This often occurs where, as here, the individual worked for a state government.  The

---

[3] Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)); *accord,* Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

[4] Edwards, 937 F.2d at 584 n.3; Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).

[5] Foote, 67 F.3d at 1560; *accord,* Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (holding that the court must scrutinize the entire record to determine reasonableness of factual findings); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (finding that the court also must consider evidence detracting from evidence on which the Commissioner relied).

[6] Keeton v. Dep't Health and Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994).

application of the WEP requires Social Security to use a smaller percentage of the individual's Primary Insurance Amount ("PIA") than 42 U.S.C. § 414(a)(1) would normally require, to prevent the individual from receiving excess federal benefits.[7]

The PIA calculation is modified by application of the WEP for the months after 1985 in which a person is entitled to disability benefits and a monthly pension for which he became eligible after 1985 based in whole or part upon earnings in employment not covered under Social Security.[8] A person is considered eligible for a monthly pension in the first month for which he meets all the requirements for the pension except where he was working or had not yet applied.[9]

### III. SUMMARY OF THE RECORD

The record reveals that Plaintiff worked from 1973 through 1988 at the University of Lowell in Massachusetts. Plaintiff's retirement benefits from the state were divided between an annual pension and an annual annuity. (R. 36, 163, 219, 264.) Plaintiff was awarded an Accidental Disability Retirement by the Commonwealth of Massachusetts for a work-related injury in 1988. The State of Massachusetts offset Plaintiff's accidental disability retirement benefit (comprised of the pension and annuity), with worker's

---

[7] *See* 20 C.F.R. § 404.213 (2005); *see also* Das v. Dep't of Health and Human Servs., 17 F.3d 1250, 1253 ( 9th Cir. 1994) (an individual who worked for both covered and noncovered wages would receive a windfall absent the WEP because he would be eligible for both social security benefits and federal civil service pension payments. The WEP prevents this windfall by modifying the standard formula for calculating monthly benefits.); Johnson v. Sullivan, 777 F. Supp.741, 743 (W.D. Wis. 1991) (the WEP is "intended to prevent applicants from receiving excess pension (or other) benefits because their careers were split between Social Security employment and government employment not covered by Social Security.).

[8] 42 U.S.C. § 415(a)(7)(A) and (B), Section 215(a)(7)(A); 20 C.F.R. 404.213(a)(3).

[9] 20 C.F.R. 404.213(a)(3).

compensation benefits Plaintiff had been awarded based upon the same work-related injury. (R. 9, 219, 281.)

Plaintiff was awarded social security disability benefits in 1990 for a disability beginning in August of 1988. These social security disability payments were minimal because they were offset by the worker's compensation benefits Plaintiff was collecting at that time. (R. 242, 295.) With respect to his retirement benefits, Plaintiff contended that the accidental disability retirement benefits he received from the State of Massachusetts were not benefits paid to him out of his state pension, but instead were worker's compensation benefits. The Social Security Administration determined otherwise, and the Plaintiff was informed that although his retirement benefits were not subject to a reduction based on the worker's compensation payments he was receiving, his benefits were subject to a deduction for age until he reached age 65. His benefits were also subject to a deduction for the amount of his work-related disability retirement payments from the State of Massachusetts which included pension payments and were not solely worker's compensation. (R. 241.) Plaintiff was awarded social security retirement insurance benefits effective February 2001, the month after he attained age 62. Using the WEP guarantee method to offset his social security benefits with his state benefits, Plaintiff's PIA was computed at $634.60. (R. 92.)

## V. **DISCUSSION**

The sole issue Plaintiff raises on appeal is whether the ALJ had sufficient information to determine if Plaintiff's retirement and disability benefits were subject to the WEP. Specifically, Plaintiff contends that the record does not contain a letter dated January 21, 2004 that the ALJ received from the State of Massachusetts in response to

his inquiry for additional information pursuant to the remand order from the Appeals Council.

The Appeals Council directed the ALJ on remand to obtain additional evidence to support his decision that Plaintiff's benefits were subject to the WEP. Essentially, the Appeals Council ordered the ALJ to obtain evidence that was responsive to three issues: (1) "ascertain the effective date of the accidental disability retirement," (2) determine "whether any part of the payment he [Plaintiff] receives is a pension as defined above,"[10] and ( 3) " whether it is based in whole or in part on the claimant's noncovered employment with the State of Massachusetts." (R. 158.)

Contrary to Plaintiff's assertions, the ALJ obtained the letter dated January 21, 2004 from the State Board of Retirement of the Commonwealth of Massachusetts. And contrary to Plaintiff's assertions that the January 21, 2004 letter is not part of the record, the administrative record contains the letter at R. 219-219A. In the January 21, 2004 response by Nicola Favorito, the executive director of the Massachusetts Board of Retirement, he advised the ALJ that Plaintiff's "accidental disability retirement allowance was effective February 28, 1988."  He further informed the ALJ that "[t]he ... accidental disability allowance consists of two parts: an annuity and a pension. . . . The annuity is based on his [Plaintiff's] total accumulated deductions, with related  interest, and his age on the date of retirement." The allowance also consisted of accumulated cost of living

---

[10] Pursuant to 20 C.F.R. § 404.213, a monthly pension is defined as payments "for which you first became eligible after 1985 based in whole or part on your earnings in employment which was not covered under Social Security." The Appeals Council further defined a pension in its Order for purposes of 20 C.F.R. § 404.213 as  "a periodic payment from an employer's primary retirement or disability plan, based on employer and/or employee contributions and based on eligibility factors such as age, length or service, or earnings."

adjustment increases. Finally, Mr. Favorito stated in the letter that "[a]n accidental disability retirement is awarded where it is found that a member of the *State Employees' Retirement System's* permanent and total incapacity prevents him from performing the essential duties of his position . . . ."[11]

This letter clearly provides sufficient information for the ALJ to determine the effective date of Plaintiff's disability allowance, that the payments from the State of Massachusetts include a pension and annuity, and that the payments are derived from a state government sponsored retirement system. Plaintiff has not challenged the finding that his employment for the State of Massachusetts was uncovered employment, nor has Plaintiff challenged the sufficiency of the information Mr. Favorito provided. Although the ALJ mailed the Plaintiff a copy of this letter on February 19, 2004 and stated that it would be made part of the record, Plaintiff's sole argument on appeal is that the letter was not made part of the record. [12] This argument is without merit.

Accordingly, the Court concludes that the ALJ did not err in failing to develop the record. The ALJ obtained the information required by the Appeals Council and relied upon this information in issuing his supplemental decision. Most notably, the January 21, 2004 letter is included in the record before this Court. Based on this supplemental information obtained by the ALJ, the ALJ had sufficient information to find that the calculation of Plaintiff's disability and retirement insurance benefits are subject to the WEP. The substantial evidence in the record establishes that Plaintiff was eligible for,

---

[11] Emphasis added.

[12] Doc. 13 at 6.

and was receiving, part of his state pension as of February 28, 1988. Pursuant to 20 C.F.R. 404.213, as discussed above, where a claimant, as here, is eligible for a pension as defined in that statute, the WEP is applied and the claimant's disability and retirement benefits are offset by the amount of any payments received from a pension for non-covered employment. Therefore, the decision of the Commissioner is due to be affirmed.

## V. **RECOMMENDATION**

In view of the foregoing, it is respectfully **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED**.

**IN CHAMBERS** in Ocala, Florida, on April 28, 2006.

_GARY R. JONES_
United States Magistrate Judge

Copies to:
The Honorable Wm. Terrell Hodges,
Senior United States District Judge

Counsel of Record